**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

FLORIDA GAS TRANSMISSION
COMPANY, LLC,

    Plaintiff,

vs.

+/– 0.581 ACRES OF LAND IN COLUMBIA
COUNTY, FLORIDA, BUFF BAY
MEADOWS, LLC, a Florida limited liability
company, UNKNOWN OWNERS, IF ANY,

    Defendants.
_____/

Case No.
3:21-cv-264-BJD-PDB

Tract Nos:
FL-COLU-050.00

### **O**RDER ON **M**OTION FOR **F**INAL **S**UMMARY **D**EFAULT **J**UDGMENT

**This cause** is before the Court on Plaintiff Florida Gas Transmission Company, LLC's (FGT's) Motion for Final Summary Default Judgment as to Tract FL-COLU-050.00 and Memorandum of Law in Support (Doc. 24, Motion), filed on May 21, 2021, as well as its Supplemental Motion for Default Judgment (Doc. 30, Supplemental Motion), filed on August 25, 2021. FGT seeks the entry of default judgment against Defendants Unknown Owners, if any. No such Defendant has filed an answer, appeared, or otherwise presented any claims or defenses in this case. Upon review, the Court concludes that the Motion and Supplemental Motion are due to be granted.

## I. Background

On March 19, 2020, the Federal Energy Regulatory Commission (FERC) granted FGT a Certificate of Public Convenience and Necessity ("FERC Certificate"), which authorizes FGT to build, operate, and maintain the Putnam Expansion Project. (Doc. 1-5, FERC Certificate). The Putnam Expansion Project mainly consists of two natural gas pipeline "loops": (1) a "West Loop," which is about 13.7 miles of a 30-inch diameter pipeline running between Columbia County, Florida, and Union County, Florida, and (2) an "East Loop," which is about 7.0 miles of a 30-inch diameter pipeline running between Clay County, Florida, and Putnam County, Florida. The Project will supply natural gas to Seminole Electric Cooperative's new gas-fired generating unit, which is replacing an older coal-fired generating unit. To construct the Project in accordance with the FERC Certificate, FGT must acquire certain easements located within the jurisdiction of this Court. As part of the certification process, FGT submitted, and FERC approved, alignment sheets showing the final location of the Project. (Doc. 8, Declaration of Elizabeth Porter, ¶ 9). FGT prepared the subject easements described in Composite Exhibit 2 to the Complaint (Doc. 1-3, Comp. Ex. 2) to conform to the FERC-approved alignment sheets (Porter Decl. ¶ 10).

In March 2021, FGT filed a complaint to condemn a temporary easement on the instant tract(s) under the Natural Gas Act, 15 U.S.C. § 717f(h). (Doc. 1,

Complaint). FGT sued the land at issue, as well as fee owner Buff Bay Meadows, LLC, and Unknown Owners, if any. FGT concurrently filed a Motion for Partial Summary Judgment to establish its right to condemn the subject easement(s) (Doc. 4) and a Motion for Preliminary Injunction to obtain immediate possession of the property (Doc. 5).

On June 25, 2021, pursuant to a stipulated motion filed by FGT and Buff Bay Meadows, LLC (Doc. 28), the Court entered an Order (Doc. 29) granting FGT's Motion for Partial Summary Judgment and Motion for Preliminary Injunction. The June 25, 2021 Order established that FGT has the right to condemn the subject easement(s) under the Natural Gas Act, as well as the right to take immediate possession of the property. FGT and Buff Bay Meadows, LLC, have also reached a settlement (Doc. 23) and jointly moved for the entry of a stipulated final judgment (Doc. 25). This Order does not affect the terms of their agreement.

The only outstanding issue is how much compensation FGT owes for the easement(s). FGT attaches to the Motion a declaration by Chad Durrance, a licensed real estate appraiser with over 30 years' experience. (Doc. 24-1, Durrance Decl.). Mr. Durrance states, under penalty of perjury, that he appraised the value of the temporary easement and determined the easement to be worth $900. Id. ¶¶ 6–8. Nothing in the record contradicts this valuation.

On April 8, 2021, FGT perfected service by publication on Unknown Owners, if any, under Rule 71.1(d)(3)(B), Federal Rules of Civil Procedure ("Rule(s)"). (Doc. 18 & Doc. 18-1, Certificate of Proof of Service by Publication). Under Rule 71.1(e)(2), "[a] defendant that has an objection or defense to the taking must serve an answer within 21 days after being served with the notice." No Unknown Owner served an answer or notice of an appearance within 21 days of being served. As a result, on May 6, 2021, the Clerk of Court entered a clerk's default with respect to Unknown Owners, if any. (Doc. 22, Clerk's Default). No party has moved to set aside the Clerk's Default. FGT performed a diligent search for any persons who may have an interest in the property, in addition to the named Defendants, but it has identified no other such person or party. Motion at 4–5.

**II.    Law**

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Rule 55(a). Following the entry of a clerk's default, the Court may enter a default judgment against a properly served defendant who has failed to appear or otherwise defend. Rule 55(b)(2); see also DirecTV, Inc. v. Griffin, 290 F. Supp. 2d 1340, 1343 (M.D. Fla. 2003).

"The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." Nishimatsu Const. Co. v. Houston Nat. Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).[1] But "a defendant's default does not in itself warrant the court in entering a default judgment." Id. Instead, "[e]ntry of default judgment is only warranted when there is 'a sufficient basis in the pleadings for the judgment entered.'" Surtain v. Hamlin Terrace Found., 789 F.3d 1239, 1245 (11th Cir. 2015) (quoting Nishimatsu, 515 F.2d at 1206); see also Tyco Fire & Sec., LLC v. Alcocer, 218 F. App'x 860, 863 (11th Cir. 2007). "Conceptually, then, a motion for default judgment is like a reverse motion to dismiss for failure to state a claim." Surtain, 789 F.3d at 1245. That means "a court looks to see whether the complaint contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. (internal quotation marks and alteration omitted) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). The plaintiff meets that standard when the complaint "pleads factual content that allows the court to draw the reasonable inference" that the plaintiff is entitled to relief. Id.

---

[1] The Eleventh Circuit Court of Appeals adopted as binding precedent all decisions issued by the Fifth Circuit prior to October 1, 1981. Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

### III.   Analysis

Under Rule 71.1, "the failure to so serve an answer constitutes consent to the taking and to the court's authority to proceed with the action to fix the compensation." Rule 71.1(d)(2)(A)(vi). Here, FGT served the Unknown Owners, if any, by publication under Rule 71.1(d)(3)(B) and no Unknown Owner served an answer or a notice of appearance within 21 days of being served. Because "[a] defendant waives all objections and defenses not stated in its answer," Rule 71.1(e)(3), the Unknown Owners, if any, waived all objections and defenses by failing to file an answer.

Moreover, none of the Unknown Owners, if any, served a notice of appearance under Rule 71.1(e)(1). "[A]t the trial on compensation, a defendant – whether or not it has previously appeared or answered – may present evidence on the amount of compensation to be paid and may share in the award." Rule 71.1(e)(3). Still, as of the date of this Order, no Defendant designated as an Unknown Owner has appeared or presented any evidence about the amount of compensation.

The Court previously granted FGT immediate possession of the subject easement(s), thus concluding the issue of whether FGT has the right to condemn the property. (Doc. 29). Indeed, FGT alleged in its Complaint, and showed through affidavits and exhibits (Porter Decl.; Porter Decl. Ex. A), that (1) it holds a FERC Certificate authorizing the Putnam Expansion Project, (2)

the subject easements are necessary for the Project, and (3) FGT could not acquire the easements by contract. See Transcon. Gas Pipe Line Co., LLC v. 6.04 Acres of Land, 910 F.3d 1130, 1154 (11th Cir. 2018) (setting forth the elements that the holder of a FERC Certificate must show to condemn property under the Natural Gas Act).

Thus, the only remaining issue is that of just compensation. "The burden of establishing the value of condemned land lies with [the landowner]." Columbia Gas Transmission Corp. v. Rodriguez, 551 F. Supp. 2d 460, 462 (W.D. Va. 2008) (citing United States v. Powelson, 319 U.S. 266, 273–74 (1943)). "'Market value,' rather than the value to the condemnor or the owner, is the proper measure of just compensation." Id. (citing United States v. Petty Motor Co., 327 U.S. 372, 377–78 (1946)); accord Dep't of Transp. of State of Fla. v. Nalven, 455 So. 2d 301, 307 (Fla. 1984) ("In most cases it will be necessary and sufficient to full compensation that the award constitute the fair market value of the property." (citations omitted)).[2]

---

[2] This Court has ruled that the Natural Gas Act incorporates state law for measuring just compensation, which here means applying Florida's "full compensation" standard instead of federal common law. Sabal Trail Transmission, LLC v. +/– 1.127 Acres of Land, Lead Case No. 3:16-cv-263-HES-PDB, 2017 WL 2799352 (M.D. Fla. Jun. 15, 2017); see also Sabal Trail Transmission, LLC v. Real Estate, 255 F. Supp. 3d 1213 (N.D. Fla. 2017), amended to correct scrivener's error, 2017 WL 2783995 (N.D. Fla. Jun. 27, 2017).
The main difference between Florida law and federal common law is that Florida's full compensation standard includes the right of the landowner to recover his or her attorneys' fees and reasonable expert costs, whereas federal common law does not. See Sabal Trail, 255 F. Supp. 3d at 1215. That difference is not material here because the Unknown Owners have not incurred attorneys' fees or expert costs.

The undersigned determines that FGT is entitled to a default judgment against Defendants Unknown Owners, if any. In support of the Motion for Default Judgment, FGT submits the affidavit of Chad Durrance an experienced certified real estate appraiser. See Durrance Decl. Mr. Durrance states, under penalty of perjury, that he is familiar with the subject tract and that he appraised the value of the subject easement(s). Id. ¶¶ 5–6. Mr. Durrance concludes, based on his appraisal and professional opinion, that the value of the subject easement(s) is $900. Id. ¶¶ 7–8. No Unknown Owner has provided any evidence to contradict this valuation. Absent any appearance by a defaulted Unknown Owner or a conflicting representation regarding valuation, the Court accepts Mr. Durrance's appraisal as evidence of the property's value. The Court finds that, for purposes of this Order, the subject easement is worth $900.

In the Supplemental Motion, FGT further advises the Court that, under a settlement agreement with the fee owner, it has agreed to pay an amount that exceeds the property's appraised value and resolves attorneys' fees and costs. Supplemental Motion at 2. This payment is also subject to apportionment among those who have an interest in the property (including Unknown Owners). Id. Therefore, under the settlement agreement, FGT will fulfill its obligation to pay just compensation, including with respect to Unknown Owners.

Accordingly, it is hereby **ORDERED**:

1. Plaintiff FGT's Motion for Final Summary Default Judgment as to Tract FL-COLU-050.00 and Memorandum of Law in Support (Doc. 24) and Supplemental Motion for Default Judgment (Doc. 30) are **GRANTED** as to Defendants Unknown Owners, if any.

2. Finding no just reason for delay, the Clerk will enter a default judgment against Defendants Unknown Owners, if any.

**DONE AND ORDERED** in Jacksonville, Florida this 7th day of October, 2021.

*/s/ Marcia Morales Howard*
**MARCIA MORALES HOWARD**
United States District Judge

lc 19
Copies to:

The Honorable Brian J. Davis
Counsel and parties of record